**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0708-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TYRONE EASTER, a/k/a
JASON EASTER,

    Defendant-Appellant.

_____

Submitted January 28, 2019 – Decided May 10, 2019

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 13-01-0158.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison Stanton Perrone, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant pled guilty to second-degree possession of a weapon for an unlawful purpose and third-degree unlawful possession of a weapon. In accordance with the plea agreement, he was sentenced to a fourteen-year prison term with seven years parole ineligibility. Defendant appeals from a Law Division order denying his petition for post-conviction relief (PCR) alleging ineffective assistance of trial counsel.

On appeal, defendant raises the following argument:

> POINT I
>
> TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO REQUEST A WADE HEARING BECAUSE THE IDENTIFICATION PROCEDURE IN THIS CASE WAS IMPERMISSIBLY SUGGESTIVE AND RESULTED IN A VERY SUBSTANTIAL LIKELIHOOD OF IRREPARABLE MISIDENTIFICATION.

We disagree and affirm substantially for the reasons set forth in the written decision by PCR Judge John A. Young, Jr., denying relief to defendant.

I

On the night of July 23, 2012, a man – later identified as defendant – robbed a gas station using what the victim believed was a handgun.[1] The gas station attendant immediately called the police on his cell phone and

---

[1] The weapon was later determined to be an air pistol.

A-0708-17T1

simultaneously pursued defendant on foot. Minutes later, defendant was captured and arrested by police. During a search incident to arrest, a pellet gun and $668 was found on defendant's person. At the police station that evening, the police showed the victim a single photograph of defendant, and he positively identified defendant as the man who committed the armed robbery.

Defendant was subsequently indicted for first-degree armed robbery, N.J.S.A. 2C:15-1; third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); second-degree possession of weapons for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree resisting arrest, N.J.S.A. 2C:29-2(a); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a); and third-degree aggravated assault on a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a).

Recognizing defendant was exposed to a life sentence if he was found guilty of the charges due to his extensive criminal record, trial counsel negotiated a plea deal calling for guilty pleas to second-degree possession of a weapon for an unlawful purpose and third-degree unlawful possession of a weapon, together with the dismissal of the remaining charges. The plea deal required the State to recommend to the trial judge that defendant be sentenced to an extended prison term of fourteen years with seven years parole ineligibility for possession of a weapon for an unlawful purpose, and a concurrent five-year

A-0708-17T1

prison term with three years parole ineligibility for unlawful possession of a weapon. Defendant agreed to the deal, and during his plea colloquy on June 12, 2013, acknowledged that he was exercising his own free will to plead guilty and that he understood he was waiving his right to file a motion to suppress the evidence against him and waiving his right to go to trial. Defendant was later sentenced in accord with the plea agreement.

Defendant did not file a direct appeal. However, three years after his conviction, defendant filed a PCR petition asserting trial counsel was ineffective because he failed to: object to the extended term sentence; file a motion to suppress the victim's out-of-court photo identification of defendant; and argue that a pellet gun was not a weapon under N.J.S.A. 2C:39-4(a).

At a PCR evidentiary hearing before Judge Young[2] to determine whether trial counsel was ineffective for failing to file a Wade[3] motion, trial counsel, the assistant prosecutor who handled the case, and defendant all testified. Trial counsel stated that even though there was "an issue with respect to the [victim's out-of-court] identification in this case[,]" he thought a Wade motion was not in defendant's best interest because if it was filed, the State would have withdrawn

---

[2] A different judge accepted defendant's plea and sentenced him.

[3] U.S. v. Wade, 388 U.S. 218, 228 (1967).

the plea deal, thereby exposing defendant to an extended term life sentence at trial. He further explained that he had reservations about filing the motion because the "show[-]up identification [was] not per se unreliable and not per se inadmissible . . . ." Counsel also maintained that he had concerns about raising such a motion because even if the identification was suppressed, there was a high likelihood that the State's remaining evidence would still result in a conviction. All of these apprehensions were shared with defendant, according to counsel.

The assistant prosecutor confirmed trial counsel's representation that the plea deal would have been withdrawn if a Wade motion was filed, and asserted that if there was a trial, the State had the proofs necessary to convict defendant on all charges. He noted, "defendant was caught very near the scene, identified by the victim," either had the weapon on his person or "in close proximity to him[,] and had proceeds of the robbery on him."

Defendant testified that the State offered an initial plea deal of fifteen years with eighty-five percent parole ineligibility. He maintained that counsel never mentioned filing any motions, and only advised him to take the new plea offer of a fourteen-year prison term with seven years parole ineligibility because he would not prevail at trial. Defendant acknowledged that he never explicitly

told counsel he wanted to go to trial at the time of the second plea offer, but claimed counsel "knew" this fact because he rejected the initial plea offer. Defendant admitted that he did not know what a Wade motion was when he pled guilty, but indicated that if he knew about the motion, then he would have rejected the plea deal and insisted on going to trial.

Judge Young entered an order denying PCR, together with a written decision setting forth his factual findings and legal conclusions. Relevant to this appeal, the judge credited the testimony of trial counsel and the assistant prosecutor regarding the risk of pursuing a chancy Wade motion and the withdrawal of a favorable plea deal if the motion was pursued. He indicated, however, that "[e]ven if a Wade motion were filed and the [out-of-court] identification had been suppressed, there was still substantial evidence linking [defendant] to the crimes." The judge further commented defendant's "assertion that he would have filed [a] Wade motion and proceeded to trial [was] incredible" since defendant "was facing life in prison if he were convicted at trial[.]" (emphasis added). Considering the evidence against defendant and the PCR hearing testimony, Judge Young determined that there was no "'reasonable probability' that [defendant] would have decided to not plead guilty and proceed to trial." Consequently, defendant did not establish, by a preponderance of the

evidence, that trial counsel was ineffective under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

II

Before us, defendant limits his appeal to the contention that counsel was ineffective because he did not file a <u>Wade</u> motion to suppress the victim's out-of-court identification. He stresses a <u>Wade</u> motion would have been successful because the identification procedure used was inherently suggestive, as it involved the victim identifying defendant out of a single photograph in the police station and there was no proof that the out-of-court identification was "reliable – accounting for system and estimator variables[.]" <u>State v. Henderson</u>, 208 N.J. 208, 289 (2011). He maintains the variables set forth in <u>Henderson</u> – duration, opportunity to view the suspect, stress and degree of attention – all suggest the identification was unreliable because the victim only had fleeting contact with defendant, was under the stress of being robbed at gunpoint and, as a result, his attention was focused on the weapon and not defendant's facial characteristics. <u>Henderson</u>, 208 N.J. at 262-63. Therefore, defendant posits that his counsel's performance was deficient and prejudiced him because had counsel "properly challenged the admissibility of the eyewitness identification . . ." it is

A-0708-17T1

probable he would have prevailed on a suppression motion. We are unpersuaded.

Defendant's reliance on Henderson is misplaced. "[A] defendant has the initial burden of showing some evidence of suggestiveness" in the identification proceeding "that could lead to a mistaken identification." Henderson, 208 N.J. at 288. Defendant has not shown that the trial judge would have suppressed the victim's single-photo identification. There is no indication that the manner in which the police conducted the identification process suggested defendant was one of the assailants. Significantly, the victim chased defendant, who had just robbed him, without losing sight of him. When police caught him near the scene, the victim identified defendant as his assailant. There is no indication that the victim's photo identification later that evening at the police station was done under circumstances that resulted in an irreparable misidentification. Consequently, counsel was not ineffective for failing to raise a meritless argument. State v. Echols, 199 N.J. 344, 360-61 (2009).

Moreover, regardless of whether a Wade motion had merit, the decision not to file the motion cannot be assailed based upon the PCR evidentiary hearing and Judge Young's ruling. Where, as here, the PCR judge conducts an evidentiary hearing, we must uphold the judge's factual findings, "so long as

8

those findings are supported by sufficient credible evidence in the record." State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). Additionally, we defer to a trial judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Ibid. (alteration in original) (quoting Robinson, 200 N.J. at 15). We owe particular deference to the trial judge's credibility determinations. See State v. Locurto, 157 N.J. 463, 470-71 (1999).

A defense attorney's trial strategy is generally not second-guessed in a PCR proceeding. State v. Gary, 229 N.J. Super. 102, 116 (App. Div. 1988). To the contrary, trial counsel's informed strategic decisions demand our heightened deference, and "are virtually unchallengeable." Strickland, 466 U.S. at 690-91. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . . ." State v. Fritz, 105 N.J. 42, 54 (1987) (citation omitted); see also Echols, 199 N.J. at 358.

When evaluating a counsel's strategy to limit a defendant's exposure to a lengthier prison term, the United States Supreme Court has held that "a defendant with no realistic defense to a charge carrying a [twenty-]year sentence may nevertheless choose trial, if the prosecution's plea offer is [eighteen]

years[,]" however, where a defendant is facing much longer odds, it is unlikely he will "be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial." Lee v. U.S., 137 S. Ct. 1958, 1966-67, 1968 (2017). In sum, a PCR petition arising from a guilty plea requires a defendant to "show[] 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" State v. O'Donnell, 435 N.J. Super. 351, 369-70 (App. Div. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Applying these principles, we affirm the denial of PCR substantially for the sound reasons expressed by Judge Young in his written decision. We defer to his credibility determination that defendant agreed with trial counsel's strategic advice to accept the plea offer rather than file a Wade motion, because whether it was denied or granted, the State would have withdrawn the plea offer and a trial would have likely resulted in a guilty verdict and a potential life sentence for defendant. We agree with the State that defendant offered no realistic defense to the charges exposing him to an extended term life sentence. Defendant was offered a plea deal that significantly reduced a potential life sentence to fourteen years with seven years of parole ineligibility. We see no fault with counsel's reasonable strategic decision and, therefore, defendant made

10

no showing under <u>Strickland</u> that he was prejudiced by trial counsel's representation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0708-17T1